UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
UNITED STATES OF AMERICA

          -v.-                                             ORDER

JAYSON CARABALLO,                            10-CR-392-6 (CS)

                    Defendant.
-------------------------------------------------------x

Seibel, J.

       Before the Court is Defendant Jayson Caraballo's renewed motion for reduction of sentence under 18 U.S.C. § 3582(c)(1)(A), known as "compassionate release," (Docs. 1208, 1214), and the Government's opposition thereto, (Doc. 1216).

       On June 13, 2013, Defendant was sentenced principally to 188 months' imprisonment. (Doc. 757.) On August 21, 2016, that sentence was reduced to 181 months pursuant to 18 U.S.C. § 3582(c)(2). (Doc. 986.) Defendant has served approximately 128 months and his projected release date is, according to the Bureau of Prisons ("BOP"), is April 17, 2023.

       Under 18 U.S.C. § 3582(c)(1)(A), I may, after considering the factors set forth in 18 U.S.C. § 3553(a), reduce a sentence if extraordinary and compelling reasons justify such action and it is consistent with the relevant policy statements of the Sentencing Commission. Policy Statement 1B1.13 imposes similar requirements, along with the provision that the Defendant not be a danger to the safety of any other person or the community. Application Note 1 to Policy Statement 1B1.13 describes four potential extraordinary and compelling reasons: 1) the defendant has a terminal medical condition or because of serious health condition from which he is not expected to recover is substantially diminished in his ability to provide self-care; 2) the defendant is at least 65 years old, has served 75% or 10 years of his sentence, and is

experiencing a serious deterioration in health because of the aging process; 3) family circumstances; and 4) an extraordinary and compelling reason other than or in combination with one of the above.[1] "The defendant has the burden to show he is entitled to a sentence reduction" under Section 3582(c)(1)(A). *United States v. Ebbers*, 432 F. Supp. 3d 421, 426 (S.D.N.Y. 2020).

Defendant argues that the dangers presented by the coronavirus pandemic at FCI Fort Dix Low, and the changes in conditions there as a result, amount to an extraordinary and compelling reason. Defendant is a healthy thirty-four year old man who does not suffer from any condition that puts him at increased risk for a severe case should he be infected.[2] In the absence of evidence of increased risk grounded in medical fact, "pointing to the mere existence COVID-19 either in a prison facility or in society generally is not enough to satisfy the 'extraordinary and compelling reasons' requirement of 18 U.S.C. § 3582(c)(1)(A)." *United States v. Davis*, No. 14-CR-296, 2020 WL 5628041, at *3 (S.D.N.Y. Sept. 21, 2020) (internal quotation marks omitted) (collecting cases) ; *see United States v. Knight*, No. 10-CR-128S, 2020

---

[1]Section 1(D) of the Application Note states: "Other Reasons – As determined by the Director of the Bureau of Prisons [("BOP")], there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the [other three reasons]." But "Application Note 1(D) does not apply to compassionate release motions brought directly to the court by a defendant," *United States v. Brooker*, 976 F.3d 228, 230 (2d Cir. 2020), so I am not constrained by the BOP's or the Application Note's interpretation of extraordinary and compelling circumstances, *see id.* at 237 ("Neither Application Note 1(D), nor anything else in the now-outdated version of Guideline § 1B1.13, limits the district court's discretion.").

[2]Defendant in a previous motion claimed to have asthma, but the Court believed that claim to be contrived. (*See* Doc. 1182.) Further, even if Defendant has asthma (which he no longer argues), the Centers for Disease Control has identified only moderate-to-severe asthma as a factor that *might* increase risk, and there is no indication that Defendant's condition (if it exists at all) is moderate-to-severe.

WL 5640238, at *5 (W.D.N.Y. Sept. 22, 2020) ("[T]he mere possibility of contracting a communicable disease such as COVID-19, without any showing that the Bureau of Prisons will not or cannot guard against or treat such a disease, does not constitute an extraordinary or compelling reason for a sentence reduction . . . ."); *United States v. Otrosinka*, No. 12-CR-300, 2020 WL 5628060, at *4 (W.D.N.Y. Sept. 21, 2020) ("generalized fear" of contracting COVID-19 does not constitute extraordinary and compelling reason justifying release) (collecting cases). While there has been a COVID-19 outbreak at FCI Fort Dix, cases have dropped considerably since the outbreak's peak, according to the Department of Justice Office of Inspector General COVID-19 dashboard, and the Government represents that there have been no cases in Defendant's housing unit.

Nor do I find that the restrictions on prison life as a result of COVID-related precautions – which, while unfortunate, have affected literally every prisoner in the country – suffice to raise the situation to the level of extraordinary and compelling. If they did, the doors to all prisons would be thrown open. I do not mean to minimize the difficulty that the pandemic has caused for inmates (or those on the outside, for that matter), but those universal conditions do not give rise to extraordinary and compelling circumstances. *See United States v. Pinto-Thomaz*, 454 F. Supp. 3d 327, 331 (S.D.N.Y. 2020).

Defendant has taken significant steps toward self-improvement while incarcerated, including enrolling in the Residential Drug Abuse Treatment Program and, most impressively, earning a college degree. But many prisoners make good use of their time in prison, and indeed, doing so is expected. Defendant's efforts are commendable, but they do not suffice to render his circumstances extraordinary and compelling.

In short, the factors to which Defendant points do not, singly or in combination, amount to extraordinary and compelling circumstances. I thus need not discuss the § 3553(a) factors, except to refer to my previous ruling, (Doc. 1182).

For the reasons stated above, the motion is denied. The Clerk of Court is respectfully directed to terminate Doc. 1214.

Dated: December 28, 2020
       White Plains, New York

*Cathy Seibel*
_____
CATHY SEIBEL, U.S.D.J.