UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------x
UNITED STATES OF AMERICA

-v.-

JAYSON CARABALLO,

Defendant.
---------------------------------------------------x

ORDER

10-CR-392-6 (CS)

Seibel, J.

Before the Court is Defendant Jayson Caraballo's motion for consideration, (Docs. 1221, 1225, 1226), of my previous denials of his motions for reduction of sentence under 18 U.S.C. § 3582(c)(1)(A), known as "compassionate release," (Docs. 1182, 1217), and the Government's opposition thereto, (Doc. 1223).

Under 18 U.S.C. § 3582(c)(1)(A), I may, after considering the factors set forth in 18 U.S.C. § 3553(a), reduce a sentence if extraordinary and compelling reasons justify such action and it is consistent with the relevant policy statements of the Sentencing Commission. Policy Statement 1B1.13 imposes similar requirements, along with the provision that the Defendant not be a danger to the safety of any other person or the community. Application Note 1 to Policy Statement 1B1.13 describes four potential extraordinary and compelling reasons: 1) the defendant has a terminal medical condition or because of serious health condition from which he is not expected to recover is substantially diminished in his ability to provide self-care; 2) the defendant is at least 65 years old, has served 75% or 10 years of his sentence, and is experiencing a serious deterioration in health because of the aging process; 3) family circumstances; and 4) an extraordinary and compelling reason other than or in combination with one of the above. But "[n]either Application Note 1(D), nor anything else in the now-outdated

version of Guideline § 1B1.13, limits the district court's discretion." *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020).[1] "The defendant has the burden to show he is entitled to a sentence reduction" under Section 3582(c)(1)(A). *United States v. Ebbers*, 432 F. Supp. 3d 421, 426 (S.D.N.Y. 2020).

Two things have changed since my last ruling. First, cases of COVID-19 at FCI Fort Dix greatly increased and now, thankfully, have greatly decreased. Specifically, according to the Department of Justice Office of Inspector General COVID-19 Dashboard, there were 295 inmate cases on December 28, 2020, when I last ruled; inmate cases peaked at 797 on January 11 and 12, 2021; and inmate cases are now down to 73. A total of 1363 inmates have recovered, and sadly, one has died. Second, Defendant has unfortunately tested positive for the disease. Although he claims to have not gotten medical care, his medical records show that he is getting daily attention. Happily, according to his medical records, his case is mild. Except for the day he was diagnosed – January 3, 2021 – he has had no fever and his oxygen saturation has been fine. He reported shortness of breath and body aches only on January 14 and 15.[2] While I do not doubt that the medical care at a Bureau of Prisons ("BOP") facility during a large outbreak leaves something to be desired, that there have not been more deaths suggests that BOP has been identifying severe cases and responding appropriately.

Defendant repeatedly mentions, in complaining about his care, that he has not been provided antiviral treatment or a vaccine. The same would be true if he were on the outside. According to the website of the National Institutes of Health, there is only one medication

---

[1]The Government needs to update its boilerplate in light of *Brooker.*

[2]The records provided to the Court are current through January 19, 2021. The Government is directed to provide hard copies of the records to the Court for filing under seal.

approved by the Food and Drug Administration for the treatment of COVID-19 and it is recommended for use in hospitalized patients who require supplemental oxygen. *See* https://www.covid19treatmentguidelines.nih.gov/therapeutic-management. Patients like Defendant, with mild cases and no risk factors, unfortunately must simply ride it out. Further, Defendant is likely to receive one of the recently approved vaccines much sooner in BOP than he would in the community, given that healthy young people will be among the lowest priorities.

I do not doubt that Defendant, like millions of Americans, suffered from the disease and the anxiety associated with it. But now that he has contracted the disease and apparently weathered it, a sentence reduction based on the risk of contracting it no longer makes sense. "This Court and others have declined to find 'extraordinary and compelling circumstances' in cases where a defendant has a prior COVID-19 diagnosis." *United States v. Williams*, No. 11-CR-172, 2020 WL 6826740, at *6 (D. Conn. Nov. 20, 2020); *see United States v. Delorbe-Luna*, No. 18-CR-384, 2020 WL 7231060, at *2 (S.D.N.Y. Dec. 7, 2020) ("[A] defendant's successful recovery from COVID-19 weighs against granting that defendant compassionate release."); *United States v. Mateus*, No. 14-CR-504, 2020 WL 5096062, at *4 (S.D.N.Y. Aug. 28, 2020) ("Put simply, Mr. Mateus has already contracted the COVID-19 virus and recovered from it. Other courts have denied compassionate release requests on this basis, and the Court is persuaded by their analyses."); *United States v. Rodriguez*, No. 19-CR-64, 2020 WL 4581741, at *2 (D. Conn. Aug. 10, 2020) ("A number of district courts in the Second Circuit have found an inmate's positive test undermines his case for compassionate release on the basis of his susceptibility to COVID-19 because the main point of releasing an individual is to decrease the person's chance of contracting COVID-19."). Further, reinfections are "vanishingly rare."

https://www.nytimes.com/2020/10/13/health/coronavirus-reinfection.html?searchResultPosition=1, and it appears that those who have had the disease have strong protection, *see* https://www.nytimes.com/2020/11/17/health/coronavirus-immunity.html?searchResultPosition=3.

Accordingly, I continue to find that there are no extraordinary and compelling reasons justifying release, and the motion is denied. The Clerk of Court is respectfully directed to terminate Doc. 1224 and send a copy of this Order to Jayson Caraballo, No. 88357-054, FCI Fort Dix, Federal Correctional Institution, P.O. Box 2000, Joint Base MDL, NJ 08640.

Dated: January 29, 2021
White Plains, New York

Cathy Seibel
CATHY SEIBEL, U.S.D.J.