UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
JAYSON CARABALLO,

                Petitioner,

      -against-                                        ORDER

                                                        10-CR-392-6 (CS)
UNITED STATES OF AMERICA,                  21-CV-778 (CS)

                Respondent.
-------------------------------------------------------x

Seibel, J.

       On January 22, 2021, Petitioner Jayson Caraballo filed a petition under 28 U.S.C. § 2255. (Doc. 1224.) It appears that the Petition is untimely. A federal prisoner seeking relief under § 2255 generally must file the motion within one year from the latest of four benchmark dates: (1) when the judgment of conviction becomes final; (2) when a government-created impediment to making such a motion is removed; (3) when the right asserted is initially recognized by the Supreme Court, if the Supreme Court has made it retroactively available to cases on collateral review; or (4) when the facts supporting the claim(s) could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2255(f). It does not appear to the Court that any of these provisions is met. Nor does the information set forth on page 13 of the Petition appear to suffice for equitable tolling of § 2255(f)'s deadlines. Equitable tolling may be available to excuse an untimely petition, but only where "the petitioner shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Rivas v. Fischer*, 687 F.3d 514, 538 (2d Cir. 2012) (internal quotation marks omitted).

       But "unless it is unmistakably clear from the facts alleged in the petition, considering all

of the special circumstances enumerated in Section [2255(f)], equitable tolling, and any other factor relevant to the timeliness of the petition, that the petition is untimely, the court may not dismiss a Section [2255] petition for untimeliness without providing petitioner prior notice and opportunity to be heard." *Acosta v. Artuz*, 221 F.3d 117, 125 (2d Cir. 2000).  Although it appears unmistakably clear to me that the Petition is untimely, and although Petitioner (apparently recognizing as much) has already raised in the Petition arguments that he believes justify equitable tolling, in an excess of caution I will give Petitioner the opportunity to be heard further on the issue of timeliness.  Petitioner shall make any submission he wishes on that subject, no later than March 19, 2021.

The Clerk of Court is respectfully directed to: 1) docket this Order in both of the above-captioned cases; and 2) send a copy of this Order to Jayson Caraballo, No. 88357-054, FCI Fort Dix, Federal Correctional Institution, P.O. Box 2000, Joint Base MDL, NJ 08640.

SO ORDERED.

Dated: Feburary 10, 2021
      White Plains, New York

                                                            _____
                                                             CATHY SEIBEL, U.S.D.J.